IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID ADAM MOUDY,

    Plaintiff,

v.

VILLAGE CAPITAL & INVESTMENT, LLC,

    Defendant.

Case No. 3:22-cv-00395-HTW-LGI

### DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Village Capital & Investment, LLC ("Village"), Defendant in the above-styled civil action, and files this Brief in Support of its Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

### STATEMENT OF FACTS

This action relates to a mortgage loan obtained from Village by Plaintiff David Adam Moudy on December 15, 2020. *See* [Doc. 1-1] at ¶ 4. To secure repayment of this loan, the Plaintiff conveyed his principal residence to Village via deed of trust. *Id.* at ¶ 5. Since the origination of the loan, Village has been the servicer. *Id.* at ¶ 6.

"When the loan was made, monthly payments were scheduled at $980.77 which included $740.25 for principal and interest, $119.60 for escrow of taxes and $120.92 for escrow of insurance, all commencing with the first payment due on February 1, 2021." *Id.* at ¶ 8. The Plaintiff contends that he "has made every scheduled payment as and when due." *Id.* at ¶ 9. "On March 28, 2022, Village notified [the Plaintiff] of an increase in his monthly payment from

$980.77 to $1,511.88. According to the notice . . . the increase was due to an escrow 'shortage' of $4,719.11." *Id.* at ¶ 10. The Plaintiff contends that "[t]his concerned [him] because neither his taxes or insurance had increased and every scheduled payment had been made." *Id.*

The Plaintiff later "learned that his home had been sold in September 2021 for unpaid 2020 taxes." *Id.* at ¶ 11. Village redeemed the property on March 24, 2022, by paying $1,857.88. *Id.* The Plaintiff contends that the increase in the monthly escrow payment was because of Village allegedly failing to pay the taxes. *Id.* at ¶ 13.

Although the Plaintiff alleges more than once in the Complaint that he has made all payments due on the loan, he seems to admit that he has refused to pay at least the increase in the escrow component, stating that "Village is applying his monthly payments first to the erroneous escrow overcharge, creating a default every month." *Id.* at ¶ 14. The Plaintiff says that "Village harasses [him] almost daily regarding 'late payments' . . . and is undeterred by the fact that [he] has repeatedly informed Village of the error and that he is represented by counsel." *Id.* at ¶ 14.

Through counsel, the Plaintiff sent a letter to Village on April 29, 2022, that he contends "constitutes a Qualified Written Request ('QWR') to a servicer under RESPA 12 U.S.C. § 2605(e)." *Id.* at ¶ 15. The letter, a copy of which is attached to the Complaint, asked for nine categories of information, such as a payment history, explanation of the escrow increase, and information about the tax sale. *Id.* at Ex. C. Village allegedly did not provide any response to the letter. *Id.* at ¶ 16.

The Plaintiff says that "[r]eceiving harassment on a daily basis has caused [him] significant stress and anxiety. He is constantly worried about losing his home to foreclosure, and the fear and anxiety has inflicted significant stress on Moudy." *Id.* at ¶ 17. To try to recover damages, the Plaintiff has set forth two causes of action – one under the Real Estate Settlement

Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.* and the other under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *eq seq.* However, the Plaintiff has failed to state a claim under either Act.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    STANDARD OF REVIEW**

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**B.    THE PLAINTIFF HAS FAILED TO ALLEGE ANY RECOVERABLE DAMAGES UNDER RESPA**

In Count I, the Plaintiff seeks to recover damages under RESPA for Village's alleged failure in responding to the QWR. *See* [Doc. 1-1] at ¶¶ 18-23. Specifically, the Plaintiff alleges that "Village is liable to [him] under RESPA for actual damages, statutory damages in the amount of $2,000.00 per violation, attorney's fees, costs, and litigation expenses." *Id.* at ¶ 23.

> RESPA requires the servicer of a federally related mortgage loan to provide a timely written response to a "qualified written request" from a borrower. The statute defines a "qualified written request" as

> a written correspondence, other than notice on a payment coupon
> or other payment medium supplied by the servicer, that—
> (i) includes, or otherwise enables the servicer to identify, the name
> and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the
> borrower, to the extent applicable, that the account is in error or
> provides sufficient detail to the servicer regarding other
> information sought by the borrower.
>
> 12 U.S.C. § 2605(e)(1)(B). Under § 2605(e)(1)(A), a servicer must respond to such a letter if it requests or challenges "information relating to the servicing of such loan." *Id.* § 2605(e)(1)(A), (e)(2). If the servicer fails to respond properly to such a request, the statute entitles the borrower to recover actual damages and, if there is a "pattern or practice of noncompliance," statutory damages of up to $[2],000. *Id.* § 2605(f)

*Hopson v. Chase Home Fin. LLC*, 14 F. Supp. 3d 774, 786 (S.D. Miss. 2014), *aff'd*, 605 F. App'x 267 (5th Cir. 2015).

"To state a viable claim under Section 2605(e), the [Plaintiff] had to plead that [his] correspondence met the requirements of a QWR, that [Village] failed to make a timely response, and that this failure caused them actual damages." *Id.* (quoting *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241 (5th Cir. 2014)). "While courts 'have interpreted this requirement [to plead actual damages] liberally . . . the loss alleged must be related to the RESPA violation itself." *Id.* at 788 (quoting *Hensley v. Bank of New York Mellon*, No. 1:10-CV-1316 AWI SMS, 2011 WL 4084253, at *3-4 (E.D. Cal. Sept. 13, 2011)) (citations omitted) (collecting cases).

In *Hopson*, this Court dismissed a RESPA claim brought by plaintiffs who claimed that Chase failed to respond to their QWR. *Id.* In finding that the plaintiffs there failed to properly plead actual damages, this Court first noted that "Plaintiffs allege generally that they have sustained a reduction in property value, harm to their credit scores, the threat of foreclosure and mental and emotional distress damages." *Id.* These allegations were insufficient to state a claim because "there is nothing in the complaint to link these alleged damages to Chase's alleged violation of RESPA." *Id.* (citing *Durland v. Fieldstone Mortg. Co.*, No. 10CV125, 2011 WL

4

805924, at *3 (S.D. Cal. Mar. 1, 2011); *Lather v. Onewest Bank*, No. C 10-0054RS, 2010 WL 4936797, at *7 (N.D. Cal. Nov. 30, 2010)).

Here, the Plaintiff has also failed to "link [his] alleged damages to [Village's] alleged violation of RESPA." In the Complaint, he says that he "has incurred the time, inconvenience, and expense of dealing with the daily harassment from Village" and that he "has suffered significant emotional and mental distress as a result of Village's RESPA violation. Most significantly, [he] has suffered anxiety and stress because he feared losing his home to foreclosure." [Doc. 1-1] at ¶ 22. However, these alleged damages are not at all related to the RESPA violation being alleged, which is simply the failure to provide the Plaintiff with requested information or otherwise respond to the QWR. The "daily harassment" is related to communications from Village to the Plaintiff regarding late payments, *see* [Doc. 1-1] at ¶ 14, and bears no relationship to the QWR. The Plaintiff never once alleges facts how the "daily harassment" was caused by Village not responding to his QWR. The claim similarly fails with respect to the Plaintiff's claimed emotional distress and fear of losing his home to foreclosure. In *Hobson*, this Court found the same allegations ("the threat of foreclosure and mental and emotional distress damages") to be insufficient to state a claim when "there is nothing in the complaint to link any of these alleged damages to [the defendant's] alleged violation of RESPA." 14 F. Supp. 3d at 788. Here, there is nothing causally linking these damages to Village's alleged failure to respond to the QWR. Thus, because the Plaintiff has failed to show that the alleged RESPA violation caused him actual damages, he has failed to state a claim and Count I should be dismissed.

Before moving on, though, Village will briefly address the Plaintiff's request for statutory damages under RESPA. *See* [Doc. 1-1] at ¶ 23. Under RESPA, a borrower may recover actual

damages and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." 12 U.S.C. § 2605(f)(1)(B). "In the absence of allegations showing that Plaintiffs suffered actual damages, Plaintiffs are not entitled to recover statutory damages." *Hogan v. Freedom Mortg. Corp.*, No. 5:21-cv-00782-JWH-SPx, 2022 WL 1439357, at *4 (C.D. Cal. April 7, 2022) (citing *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1000 (11th Cir. 2020); *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 719-20 (8th Cir. 2018)). And even if the Plaintiff could recover statutory damages without showing actual damages – and aside from the obvious Article III standing issues – the plain language of the statute allows for such recovery only "in the case of a pattern or practice of noncompliance with the requirements of this section." 12 U.S.C. § 2605(f)(1)(B). "A pattern or practice requires that a plaintiff allege some RESPA violations 'with respect to other borrowers.'" *Melidor v. Ocwen Loan Servicing, LLC*, No. 0:17-cv-62320-UU, 2018 WL 7079992, at *4 (S.D. Fla. Feb. 26, 2018) (citing *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247 (11th Cir. 2016) (citation omitted)). "There is no 'magic number' of violations that creates a pattern or practice, but two are likely insufficient, whereas five are sufficient." *Id.* The Plaintiff here alleged no facts whatsoever regarding Village's pattern or practice of noncompliance and never even mentions this standard, so he has failed in all respects to state a claim under RESPA for statutory damages. Count I should be dismissed.

**C.  THE PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FDCPA BECAUSE VILLAGE IS NOT A DEBT COLLECTOR**

In Count II, the Plaintiff attempts to state a claim against Village under the FDCPA. *See* [Doc. 1-1] at ¶¶ 24-28. "[T]he FDCPA provides for civil liability only for 'debt collectors who fail to comply with any provision of the FDCPA." *Sykes v. Beneficial Mississippi, Inc.*, No. 1:00CV462-D-D, 2001 WL 1524401, at *2 (N.D. Miss. Jan. 25, 2001) (citing 15 U.S.C. §§

1692a(6); 1692k; *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000); *KPMG Peat Marwick v. Texas Commerce Bank*, 976 F. Supp. 623, 632 (S.D. Tex. 1997)). The term "debt collector" is defined by 15 U.S.C. § 1692a(6), and specifically "does not include the consumer's creditors,[1] a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *see also McZeal v. Ocwen Fin. Corp.*, 252 F.3d 1355, 2001 WL 422375, at *1 (5th Cir. 2001) (table decision) ("McZeal conceded that Ocwen is a creditor, as defined by 15 U.S.C. § 1692, and a creditor, such as Ocwen, that collects its own debt obtained prior to default is *not* a debt collector under the FDCPA."). The plain terms of the FDCPA expressly provide that one who attempts to collect a debt "originated by such person" is *not* a debt collector. 15 U.S.C. § 1692a(6)(F)(ii); *see also Helman v. Bank of Am.*, 685 F. App'x 723, 726 (11th Cir. 2017) ("As the originator of those loans, the Bank is plainly not subject to the provisions of the FDCPA. There is simply no indication that the terms of the statute were meant to apply where, as here, the Bank originated the loans in question and then sought to collect on them.").

Here, the Plaintiff has admitted that the subject loan was originated and serviced by Village. *See* [Doc. 1-1] at ¶¶ 4-6. Since Village has been attempting to collect a debt originated by and owed to it, it is clearly not a debt collector under the FDCPA and Count II must be dismissed.

---

[1] "The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating the collection of such debt for another." 15 U.S.C. § 1692a(4).

**CONCLUSION**

Based on the foregoing, Village respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted, this 14th day of July, 2022.

                                      */s/ Amanda M. Beckett*
                                      AMANDA M. BECKETT
                                      MS State Bar No. 102738
                                      **RUBIN LUBLIN, LLC**
                                      428 N. Lamar Blvd., Suite 107
                                      Oxford, Mississippi 38655
                                      (601) 398-0153 (Telephone)
                                      (470) 508-9203 (Facsimile)
                                      abeckett@rlselaw.com
                                      *Attorney for Village Capital & Investment, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this 14th day of July, 2022, served all parties in this matter with the within and foregoing by filling the same via the Court's CM/ECF system, which will electronically serve notice on the following:

Jeff Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130
***Via Electronic Means (CM/ECF)***

                                      */s/ Amanda M. Beckett*
                                    AMANDA M. BECKETT
                                    MS State Bar No. 102738