IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DAVID ADAM MOUDY**                                                                           **PLAINTIFF**

vs.                                                    CIVIL ACTION No.: 3:22-CV-395-HTW-LGI

**VILLAGE CAPITAL & INVESTMENT, LLC.**                                          **DEFENDANT**

### ORDER

BEFORE THIS COURT are three sequential motions. The first motion is filed by the Defendant, Village Capital & Investments, LLC [Docket no. 3], asking this court to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(6)[1] for failure to state a claim upon which relief can be granted. The second motion [Docket no. 11], filed by the Plaintiff David Adam Moudy is a motion to file an Amended Complaint. The third motion [Docket no. 11] also filed by the Plaintiff, is a motion to remand this litigation to the County Court of Rankin County, Mississippi, from where it originated. This court hereby, for the reasons that follow, GRANTS Defendant's motion to dismiss; GRANTS Plaintiff's motion to amend his Complaint; and GRANTS Plaintiff's motion to remand this matter to state court.

This court has subject matter jurisdiction over this litigation pursuant to the Real Estate Settlement Procedures act ("RESPA"), 12 USC §§ 2601, *et seq* and the Fair Debt Collection Practices Act ("FDCPA"), 15 USC §§ 1692, *et seq*, both federal statutes.

---

[1] b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … 6) failure to state a claim upon which relief can be granted;
Fed. R. Civ. P. 12

1

Title 28 USC § 1331[2] bestows subject matter jurisdiction here because of Plaintiff's assertion of rights under the above-mentioned two federal statutes.

This court begins with an analysis of Defendant's motion to dismiss. This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-pleaded allegations of the Complaint as true. *Id*. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Similarly, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).

Defendant contends that Plaintiff has failed to allege any recoverable damages under RESPA and cites cases in support of that declaration. Next, Defendant contends that the Plaintiff has failed to state a claim under the FDCPA because Defendant Village is not a debt collector. Defendant has submitted several cases in support of this argument.

Plaintiff is not interested in responding to Defendant's motion to dismiss; instead, Plaintiff asked this court to allow Plaintiff to submit an Amended Complaint, which, if accepted, would delete the above-mentioned two federal claims and substitute a state law claim of Negligence. Plaintiff asserts that without the federal causes of action to anchor this lawsuit here in federal court, this court, then, should remand this lawsuit to state court, from where it originated.

---

[2] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
28 U.S.C.A. § 1331 (West).

Defendant objects to Plaintiff's suggested procedure and wishes this court to grant Defendant's motion, allow the Plaintiff to amend to assert Negligence, but for this court to retain jurisdiction over that claim.

This court is not so inclined. Since the Plaintiff does not wish to challenge Defendant's motion to dismiss, this court hereby grants that motion. This court also grants Plaintiff's request to amend his Complaint. Although Defendant wants this court to retain subject matter jurisdiction over Plaintiff's Negligence claim, this court declines to do so. On settled authority, this court has decided to exercise its discretion to remand this matter under the Amended Complaint to state court. In forming its determination, this court consulted the the statutory factors set forth by 28 U.S.C. § 1367(c)[3], and to the common law factors of judicial economy, convenience, fairness, and comity. *See Enochs v. Lampasas Cnty.*, 641 F.3d 155 (5th Cir. 2011) citing *Mendoza v. Murphy,* 532 F.3d 342, 346 (5th Cir.2008) (noting that "no single factor is dispositive"); *see also Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (setting forth the common law factors). This court found the factors therein favor remand.

The Defendant's primary argument is that Plaintiff's procedural course would allow "forum shopping". This court is not persuaded. The County Court of Rankin County, Mississippi, is well-suited to address the state law Negligence claim, and that court could probably reach a resolution on the merit as quickly as could this court. Further, that state court is certainly versed in the jurisprudence relative to a Negligence claim under Mississippi law.

---

[3] **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
    **(1)** the claim raises a novel or complex issue of State law,
    **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
    **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
28 U.S.C.A. § 1367 (West)

Accordingly, this court will remand the Amended Complaint to state court, now sanitized of federal claims.

**IT IS, THEREFORE, ORDERED that Defendant's Motion to Dismiss [Docket no. 3] is hereby GRANTED.**

**IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint [Docket no. 11] hereby is GRANTED**

**IT IS FINALLY ORDERED that this lawsuit is hereby REMANDED to the County Court of Rankin County, Mississippi, from which it originated.**

**This court, however, hereby allows Defendant five (5) days from the entry of this Order to submit additional memoranda concerning its argument that Plaintiff requested remand amounts to "forum shopping". If this court is convinced that the outcomes prescribed in this Order would be unfairly prejudicial to the Defendant, it may elect to reinstate this matter on its active docket.**

**SO ORDERED this the 20th day of March, 2023.**

/s/HENRY T. WINGATE  
**UNITED STATES DISTRICT COURT JUDGE**